**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DERRICK LARRY, | ) | |
| Petitioner, | ) | 2:10-cv-01826-PMP-LRL |
| vs. | ) | |
| | ) | **ORDER DISMISSING PETITION** |
| BRIAN WILLIAMS, et al., | ) | |
| Respondents. | ) | |

The petitioner has presented the Court with an application to proceed in *forma pauperis* and petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the filing fee.

The information provided about petitioner's financial status warrants a grant of in *forma pauperis* status. Petitioner shall not be required to pay the filing fee.

It appears to the Court from the face of the petition that it is fatally flawed. The petition was filed more than six years after his judgment of conviction became final. Petition, Item 2; *see* 28 U.S.C. § 2244(d). Petitioner was convicted on September 8, 2004. He did not file a direct appeal. *See* docket #1-3, p. 1 n.1. Although the petitioner apparently did file a post conviction petition in state court, he did not do so before some eighteen months had passed. The order entered by the Nevada Supreme Court in deciding what appears to be petitioner's second state post conviction petition supports this contention and that the original petition was filed on or about April 24, 2006. *Id.* That order indicates that the second petition, filed on February 24, 2009, was untimely filed and was not reviewable because it was procedurally flawed and petitioner could not demonstrate the necessary cause and prejudice to overcome that flaw.

1    The Antiterrorist and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations period on federal petitions for writ of habeas corpus. The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court. 28 U.S.C. § 2244(d)(2). A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000).

The AEDPA limitations period is also subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

Petitioner has not offered this court any explanation for his untimely filed petition. The explanation offered the Nevada Supreme Court–that his counsel told him he could not file a direct appeal and that he was not legally trained–was insufficient to warrant tolling in that court, in that it did not entail extraordinary circumstances beyond petitioner's control. Routine instances of attorney negligence do not generally constitute "extraordinary circumstances" entitling a habeas petitioner to equitable tolling. *Ford v. Hubbard,* 330 F.3d 1086, 1106 -1106 (9th Cir. 2003).

Petitioner's claim of actual innocence does not allow for the court's review of his petition, either. There is no actual innocence exception to the one-year limitations period. *Lee v. Lambert,* ___F.3d ____, 2010 WL 2652505 at 3 (9th Cir. July 6, 2010).

Because the Rule 4 of the Rules Governing Section 2254 Cases requires this Court to dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the petition shall be dismissed.

///

1  **IT IS THEREFORE ORDERED** that the application for leave to proceed in *forma pauperis* (docket #1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall detach and file the petition for writ of habeas corpus (docket #1-2) which is **DISMISSED with prejudice.** The Clerk shall enter judgment accordingly.

DATED: November 3, 2010.

_____
PHILIP M. PRO
United States District Judge